Mrs. Robert RYAN v. STATE. (No. 11837.) Court of Criminal Appeals of Texas. June 13, 1928. Appeal from Harris County Court at Law; Ben F. Wilson, Judge. D. A. Puckett, of Houston, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is vagrancy; punishment fixed at a fine of $150. The record is before us without statement of facts or bills of exceptions. No fundamental error has been perceived or pointed out. The judgment is affirmed.

---

**2**

L. J. SMITH v. STATE. (No. 11963.) Court of Criminal Appeals of Texas. June 13, 1928. Appeal from District Court, Taylor County; W. R. Chapman, Judge. T. A. Bledsoe, of Abilene, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. Upon the written request of the appellant, duly verified by his affidavit, the appeal is ordered dismissed.

---

**3**

George SWINK v. STATE. (No. 11832.) Court of Criminal Appeals of Texas. June 20, 1928. Appeal from District Court, Randall County; Henry S. Bishop, Judge. J. W. Culwell, of Amarillo, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for cattle theft; punishment, two years in the penitentiary. There is in the transcript what purports to be one bill of exceptions, but, examining same, we find it to be an application for a continuance, and that it has none of the requisites of a bill of exceptions. No complaint appears anywhere in the record of the refusal of said application, if same was ever presented, which fact is not in the record. We have examined the statement of facts, and it seems to show without dispute that appellant was in possession of, and sold, several head of cattle belonging to prosecuting witness, shortly after their disappearance. No testimony was offered on behalf of appellant. No error appearing, the judgment is affirmed.

---

**4**

Raymond TILGHMAN v. STATE. (No. 11956.) Court of Criminal Appeals of Texas. June 13, 1928. Appeal from District Court, Montague County; Vincent Stine, Judge. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for burglary; punishment, three years in the penitentiary. The record is before us without any statement of facts or bills of exception. The indictment, the charge of the court, the judgment, and sentence appear to be regular. No error appearing, the judgment will be affirmed.

---

**5**

Willie WELCH v. STATE. (No. 11880.) Court of Criminal Appeals of Texas. June 20, 1928. Appeal from District Court, Llano County; J. H. McLean, Judge. Lawrence L. Bruhl, of Llano, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is unlawfully transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. The indictment appears regular. The evidence heard before the trial court is not brought forward for review; nor does the record reveal any complaints of the rulings of the trial judge. The judgment is affirmed.

---

**6**

L. WILLARD v. STATE. (No. 11847.) Court of Criminal Appeals of Texas. June 13, 1928. Appeal from District Court, Shackelford County; M. S. Long, Judge. F. L. Kuykendall, of Albany, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The unlawful possession of intoxicating liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for one year. The indictment appears regular. The record is before us without statement of facts or bills of exceptions. No fundamental error having been perceived or pointed out, the judgment is affirmed.

---

**7**

Jess WILLIAMS v. STATE. (No. 11919.) Court of Criminal Appeals of Texas. May 30, 1928. Rehearing Denied June 28, 1928. Appeal from District Court, Montague County; Vincent Stine, Judge. W. E. Myres, of Fort Worth, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. Under an indictment upon two counts, charging the possession of intoxicating liquor for the purpose of sale and the transportation of intoxicating liquor, the appellant was convicted of the first count; punishment fixed at confinement in the penitentiary for a period of two years. No statement of facts accompanies the record. The indictment is attacked upon the ground that it fails to charge that the liquor possessed was either spirituous, vinous, or malt. The term used is "did then and there unlawfully possess for the purpose of sale intoxicating liquor, against the peace and dignity of the state." The point has been specifically decided against the appellant in the case of Burgess v. State (No. 11,445) 9 S.W.(2d) ——, not yet [officially] reported, upon the citation of the following authorities: Tucker v. State, 94 Tex. Cr. R. 505, 251 S. W. 1090; Lenz v. State, 106 Tex. Cr. R. 29, 290 S. W. 168. The judgment is affirmed.

On Motion for Rehearing.

Since the affirmance of the judgment the clerk has forwarded the statement of facts which should have accompanied the record heretofore. An examination of the evidence discloses that the appellant was in possession of a quantity of whisky under circumstances suggestive of an unlawful purpose. Under the statute (art. 671, P. C., 1925) the possession of more than one